IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARK WALTON,

              Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

              Defendant.

**COMPLAINT**

The Plaintiff, Mark Walton, by and through his attorneys, Ted H. Merriam and Kevin A. Planegger of the Merriam Law Firm, P.C., hereby appeals the Notice of Determination issued by the Rocky Mountain Appeals Office of the Internal Revenue Service on May 24, 2005, and alleges as follows:

I. **PARTIES, JURISDICTION AND VENUE**

1. This is an action to appeal the Notice of Determination Concerning [IRS] Collection Action(s) Under Section 6320 and/or 6330 ("Notice of Determination") issued by the Rocky Mountain Appeals Office of the Internal Revenue Service on May 24, 2005. A copy of the Notice of Determination is attached as Exhibit A, and is incorporated by this reference.

2.  The Plaintiff, Mark Walton, is an individual with mailing address and legal residence at 1368 N. Park Drive, Lafayette, Colorado 80026.

3.  The United States of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

4.  This action arises under the Internal Revenue Service Restructuring and Reform Act of 1998, P.L. 105-206; this Court has jurisdiction pursuant to 26 U.S.C. § 6330(d).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), because Mark Walton is a resident of this judicial district, and the Rocky Mountain Appeals Office of the Internal Revenue Service in Denver, Colorado issued the subject determination.

## II.  **CLAIM FOR RELIEF**

6.  Due to extraordinary circumstances beyond its control, Tactical Marketing Ventures, LLC became delinquent in Form 941 employment taxes for periods ending September 30, 2000 and December 31, 2000.  The employment tax liability included substantial penalties and interest.

7.  As a result of the company's failure to timely pay its employment tax liability, IRS Revenue Officer Diane Johnson proposed to assess the trust fund recovery penalty against the Plaintiff, Mark Walton.  The trust fund recovery penalty is equal

to the amount of income tax and Social Security/Medicare withheld by the company from the employees' paychecks.

8.  The company had previously made voluntary payments of $115,000 that could have been applied to the trust fund (withholding) portion of the company's employment tax liability. Instead, the revenue officer specifically applied these payments to the non-trust fund portion of the company's tax liability, and to penalties and interest. Revenue Officer Johnson did not advise the Plaintiff of his right to designate that payments be applied to the trust fund portion of the liability; such a designation would have substantially reduced or eliminated the trust fund portion of the liability.

9.  Revenue Officer Johnson told Mr. Walton that he was liable for the trust fund recovery penalty because he signed checks on behalf of the company. Based on Ms. Johnson's misrepresentation of the law, Mr. Walton consented to the assessment of the penalty rather than file an appeal.

10. The trust fund recovery penalty for the periods ending September 30, 2000 and December 31, 2000 was assessed against Mr. Walton on April 18, 2002.

11. The IRS issued a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing on July 28, 2004 (Exhibit B) with respect to Mr. Walton's liability for the trust fund recovery penalty. The notice informed the Plaintiff of the government's intent to levy under section 6331 of the Internal Revenue Code.

12. The notice also informed the Plaintiff that a hearing could be requested by submitting Form 12153, Request for Collection Due Process Hearing.

13. On or about August 18, 2004, Mark Walton timely filed Form 12153 with the IRS revenue officer assigned to the case. In the request, Mr. Walton appealed the proposed levy action and requested a Collection Due Process Hearing at the IRS Appeals Office.

14. A Collection Due Process ("CDP") Hearing was held on May 2, 2005 with IRS Appeals Settlement Officer Michael Jeka to discuss the issues raised in the Form 12153.

15. At the hearing, the Plaintiff's representative, Ted H. Merriam, first addressed the revenue officer's failure to inform the Plaintiff of his right to designate voluntary payments to the trust fund portion of the company's employment tax liability.

16. The Notice of Determination contains a short narrative that acknowledges that Mr. Merriam raised the issue of the revenue officer's failure to inform of the right of designation; the Notice of Determination, however, does not provide any finding or determination with respect to this issue.

17. The Notice of Determination is statutorily defective in violation of Section 6330(c)(3)(B) of the Internal Revenue Code in that it fails to address this initial issue raised by the Plaintiff's representative at the hearing.

18. The second issue raised by Mr. Merriam at the May 2, 2005 hearing was the revenue officer's misrepresentation of the law that

compelled the Plaintiff to consent to the assessment of the trust fund recovery penalty. The revenue officer's intentional misrepresentation denied the Plaintiff an opportunity to dispute his liability for the penalty at the IRS Appeals Office.

19. Given that the Plaintiff was denied a prior opportunity to dispute the underlying liability, the Notice of Determination is statutorily defective in violation of Section 6330(c)(3)(B) of the Internal Revenue Code in that it fails to address whether the trust fund recovery penalty should have been assessed against the Plaintiff.

20. In the discussion of collection alternatives during the hearing, Mr. Merriam proposed a six month extension for full payment; this request was based on a specific business plan involving the sale of a valuable asset.

21. As set forth in the Notice of Determination, the Appeals Settlement Officer's rationale for rejecting the six month extension was that he "was not confident that this matter could/would be resolved in 6 months." Despite this rationale that implies that the Plaintiff would require more than six months to full pay the liability, the Appeals Settlement Officer offered to grant a four month extension for full payment. The Appeals Office abused its discretion in proposing a collection alternative that has no correlation to its analysis of the case.

22. Section 6330 of the Internal Revenue Code directs the Appeals Officer to balance "the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any

collection action is no more intrusive than necessary." The Appeals Office abused its discretion by prioritizing the "efficent collection of taxes" (by offering a four month extension to full pay when the settlement officer had doubts about the Plaintiff's ability to full pay in six months) over the Plaintiff's legitimate concern that any collection action is no more intrusive than necessary.

23. In the Notice of Determination, the Appeals Office relies on the Plaintiff's refusal to provide his wife's financial information in its rationale for refusing to consider any other collection alternative, including an installment payment agreement.

24. At the time of the hearing, the Plaintiff's wife was not earning any income, and her lack of income should not have had any impact on the Plaintiff's right to possible collection alternatives. She is not liable for the trust fund recovery penalty and her assets can not be considered by IRS for payment of Mr. Walton's liability for the trust fund recovery penalty.

25. The Appeals Office's focus on the Plaintiff's wife's financial information was misplaced, distorted its analysis of possible collection alternatives, and constituted an abuse of discretion.

### III. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that:

A. The Court find that the IRS Appeals Office erred in issuing a defective Notice of Determination that does not address

all the issues raised by the Plaintiff at the Collection Due Process Hearing;

B. The Court reverse the Notice of Determination issued by the Internal Revenue Service Rocky Mountain Appeals Office, and find in favor of the Plaintiff, or remand the case to the Internal Revenue Service Rocky Mountain Appeals Office for a new CDP hearing;

C. The Court determine that less intrusive collection methods are available, including a six month extension for full payment;

D. The Court grant such other and further relief as the Court deems just and proper.

DATED: June 20, 2005

Respectfully submitted,

S/Ted H. Merriam
Ted H. Merriam

S/Kevin A. Planegger
Kevin A. Planegger

MERRIAM LAW FIRM, P.C.
1625 Broadway, Suite 770
Denver, CO  80202
Telephone: (303) 592-5404
Fax: (303) 592-5439
E-mail: TMerriam@taxlaw2848.com
Attorney for Plaintiff

Address of Plaintiff
Mark Walton
1368 N. Park Drive
Lafayette, CO  80026