Internal Revenue Service
Appeals Office
1244 Speer Blvd.
Suite 400
Denver, CO 80204

Date: MAY 2 4 2005

MARK WALTON
1368 N. PARK DRIVE
LAFAYETTE CO 80026

Department of the Treasury

Person to Contact:
 Michael Jeka
 Employee ID Number: 84-01426
 Tel:  (303) 844-2894
 Fax: (303) 844-5949
Refer Reply to:
 AP:FW:DEN:MRJ
SSN/EIN Number:
 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
Tax Type/Form Number:
 IRC 6672/ TFRP - Officer Liability
In Re:
 Collection Due Process Hearing
 (District Court)
Tax Period(s) Ended:
 09/30/2000 12/31/2000

Certified Mail

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Walton:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

EXHIBIT
A

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**
Appeals shall sustain the proposed collection action.

Sincerely,

*[signature]*

Marianne Hudson
Team Manager, Team 10

ENCLOSURE
cc: Ted Merriam

Walton, Mark
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer



## ENCLOSURE TO NOTICE OF DETERMINATION

### IRC SECTION, TYPE OF TAX, PERIODS

There is one collection matter involving this taxpayer:
1. Collection Due Process: IRC §6330 – Proposed Collection/Levy Action for Trust Fund Recovery Penalty (TFRP) for the periods: September 30, 2000 and December 31, 2000.

### SUMMARY AND RECOMMENDATION

The taxpayer has refused to provide income information on his non liable spouse in order to allow Appeals to obtain a complete picture of the total household income and expenses; he also refused Appeals offer to grant a short term extension of time to pay of 120 days. This would allow him time to sell a previous business asset and payoff his tax liability. Therefore, I recommend that the proposed collection action be sustained.

### VERIFICATION OF LEGAL AND PROCEDURAL REQUIREMENTS

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met. The Service's records reflect that notice and demand was issued to the last known address as required under IRC §6303.

The notice required under IRC §6331(d) is Letter 1058 (L1058) / LT-11. It is dated Jul 28, 2004 and reflects liability for the above periods.

There is one request Form 12153 Request for Collection Due Process (CDP) Hearing, in the administrative file. It does have a postmark date; it was faxed by the Power of Attorney (POA) to the Revenue Officer on August 18, 2004. This is a timely request and the taxpayer has a right to judicial review.

Appeals Settlement Officer Michael R. Jeka has no independent knowledge or prior involvement with this taxpayer.

### DISCUSSION, ANALYSIS AND ISSUE(S) RAISED

**Issue(s) Raised**

Walton, Mark
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

The request has been submitted under IRC§6330 opposing proposed collection action. The taxpayer is Mark Walton

The administrative file provided Appeals contains the IRS Integrated Collection System (ICS) history entries. The history indicates that the Revenue Officers sent two letters advising the taxpayer of his tax balance and requesting that he contact the Revenue Officer. When the taxpayer did not contact the RO, she made a field call to the home address on July 22, 2004 and spoke to the taxpayer's wife and requested that her husband contact the RO. Mr. Walton called the Revenue Officer on July 30, 2004 and told the Revenue Officer that he could not full pay the liability.

A hearing was held on May 2, 2005 with POA Ted Merriam. Due to some concern about a previous CDP matter decided in U.S. Tax Court, I asked Mr. Merriam if he wished to record the CDP hearing. He said no. He waived the usual CDP explanation of the process and rights. I advised him the periods involved in this CDP matter and the balances due.

POA Merriam first issue involved the taxpayer making voluntary payments on the corporate liability. But the taxpayer claims that he was never advised by RO Diane Phillips that he could have designated these payments to the trust fund portion of the F 941 liability. RO Phillips applied all payments to the Non Trust Fund (NTF)

Mr. Walton also claims that RO Phillips told him that since he signed checks he was liable for the Trust Fund Recovery Penalty (TFRP), thus he signed F2751. Mr. Walton and the other corporate officer (Bruce Erickson who was also assessed) were with their previous business computer software specialists. The taxpayer and Mr. Erickson have started another computer software company. Mr. Walton and Mr. Erickson are each 40% owners; another person, John Fisher is 20%.

The old corporation, Tactical Marketing Ventures, is out of business, but there was at least one asset - a computer software program - that exists. Mr. Walton thinks if he gets the right investors, they can market and sell it; he estimates that it will take at least 6 months. Thus his resolution to this matter is that he is asking for 6 month delay on collection until he can sell asset.

Mr. Merriam wondered if this asset needs to be considered a corporate asset? Of if somehow it became the rights of the officers. If it is a corporate asset, the taxpayer and Mr. Erickson would like to buy it for their new business. POA Merriam understands in this scenario that they would have to do a lien discharge request. The POA, and officer are unclear who owns the software.

I discussed the TFRP payment application guidelines with POA Merriam. He said that that he might consider requesting a penalty abatement request. Mr. Merriam submitted a F433A. I reviewed the information and told him based on a preliminary review of the Collection Information Statement (CIS), it appears that the taxpayer could full pay the liability based on the equity in his house and equity in IRAs, plus the CIS without wife's income shows a net monthly income or $6,000.00. Mr. Merriam pointed out that income

Walton, Mark
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

listed on th F433A was a high point in 2005 and the taxpayer's income might not be that high during the rest of the year.

I advised Mr. Merriam that the taxpayer's wife's income was not listed. He said that Mr. Walton did not want to disclose that information. I advised Mr. Merriam that I would need that information to make a determination of total household income/expenses and then determine the taxpayer's percentage of the total household income/expense. The purpose of this is to determine how much could he pay on an installment agreement (IA) if necessary.

POA Merriam said that he would have to talk to the taxpayer about this. He said that if Appeals issued a Notice of Determination (NOD) he would appeal and he thinks that the matter could be tied up in court at least 2 yrs. Thus to him it makes sense to grant the taxpayer the 6 month extension to sell the software and full pay the TFRP liability.

I advised him that I was not confident that this matter could/would be resolved in 6 months. Another option would be to set up an IA or grant a short term extension of time to pay. But I would need the taxpayer's wife's income data and a copy of 2004 1040. POA Merriam said that he would discuss the options with Mr. Walton and call me either Friday, May 6 or Monday, May 9.

I did not hear from POA Merriam, so I called him on Tuesday May 10 and left a message with his secretary. On Wednesday, May 11, Mr. Merriam was in the Appeals office on another taxpayer matter and said that the taxpayer did not want to disclose his wife's income information and that he would not accept the 120 day extension of time to pay. So Mr. Merriam told me to issue the NOD.

### APPEALS DETERMINATION AND BALANCING

Appeals is required to determine whether the proposed collection action balances the need for the efficient collection of the tax liabilities with the legitimate concern that any collection action taken be no more intrusive than necessary.

I have requested that the taxpayer provide income information on his wife so that I may prepare an income/expense analysis for total household income/expenses and determine what percentage of this to attribute to Mr. Walton in order to determine if an installment agreement is a viable option in case the planned sale of the computer software. Mr. Walton is requesting 6 months to sell this software with no guarantee of any sale prospects.

My initial analysis of his financial data showed an ability to full pay the total TFRP liability utilizing his portion of the equity in his house plus his IRA accounts – even allowing for tax consequences and penalty. If he could not full pay utilizing these assets, I offered a short term extension of time to pay (120 days) - time to sell the computer

Walton, Mark
COLLECTION DUE PROCESS: LEVY
Michael R. Jeka, Appeals Settlement Officer

software asset – with a possible IA as a backup if the asset was not sold. Mr. Walton refused to provide the income information on his wife and rejected the 120 day extension.

Therefore, Appeals shall sustain the proposed collection action.