IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | |
|---|---|
| MARK WALTON ) | |
| ) | |
| Plaintiff, ) | Civil No. 05-CV-1149 (JLK) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The United States of America (the "United States"), by and through its undersigned attorneys, hereby submits its Response to plaintiff's motion to compel in the above-captioned case. Plaintiff is seeking the Internal Revenue Service's underlying administrative file regarding the assessment of the Trust Fund Recovery Penalty against plaintiff Mark Walton. Plaintiff is not entitled to that administrative file (which is separate and distinct from the appeals file already provided to counsel) because the administrative file was not reviewed by Appeals Officer Jeka when making his determination, and because plaintiff's liability could not be contested in the Appeals Hearing.

**ARGUMENT**

**I.    THE UNDERLYING ADMINISTRATIVE RECORD IS NOT PART OF THE RECORD ON APPEAL**

The issue before Appeals Officer Michael Jeka was whether the IRS' attempt to collect a tax liability by levy balanced the need for efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary. See Enclosure to Notice of

1451931.1

Determination, attached to plaintiff's Complaint, at Exhibit A ("Notice of Determiniation"); 26 U.S.C. § 6330(c)(3)(C). That determination is reviewed under the abuse of discretion standard. H.R. CONF. REP. No. 105-599, 105th Cong. 2d Sess. Part 2, at p. 266 (1998); Le Doux v. United States, 375 F. Supp. 2d 1242, 1244 (D.N.M. 2005); Sego v. Comm'r, 114 T.C. 604, 610 (2000). However, if the underlying liability was properly at issue, then the determination is reviewed de novo. Le Doux, 375 F. Supp. 2d at 1245; Dogwood Forest Rest Home, Inc. v. United States, 181 F. Supp. 2d 554, 559-60 (M.D.N.C. 2001).

As a review of an administrative record, "the reviewing district court is limited to the administrative record and the parties are not entitled to discovery or a jury trial." Hart v. United States, 291 F.Supp.2d 635, 640 (N.D.Ohio 2003). Where the standard of review is abuse of discretion, the record on appeal consists of the information actually reviewed by the Appeals Officer. Borges v. United States, 317 F.Supp.2d 1276, 1282 (D.N.M. 2004); Cox v. United States, 345 F.Supp.2d 1218, 1220 (W.D.Okla. 2004);[1] Sego, 114 T.C. at 610. If the underlying administrative file was reviewed by the Appeals Officer when making his determination, that administrative file is part of the record on appeal.[2] Alternatively, if the issue of liability was

---

[1] Cox states that the "review is limited to the administrative record." Cox, 345 F.Supp.2d at 1220. The underlying Order, referenced by the Court at that page of its Order, clarifies that it meant the review "is properly limited to the administrative record **of the plaintiff's due process hearing** [i.e. the appeals file, not the underlying administrative file]." See Exhibit A to Janik Declaration, May 27, 2004 Order at 4, Cox v. United States, Case No. Civ-04-0085 (W.D.Okla.).

[2] Although, as explained below, even if the administrative record were available to plaintiff now, the question of plaintiff's liability cannot be raised in this proceeding as it is jurisdictionally-barred from review in this proceeding. See infra Argument I(A). If plaintiff wants to challenge his underlying liability, he needs to bring a tax refund suit pursuant to 26 U.S.C. § 7422. See infra Argument II.

properly in issue, then the standard of review is de novo and the underlying administrative file is also a proper part of the record on appeal.

The IRS keeps separate files for the administrative (i.e. assessment and collections) activity, versus the appeals activity.  See Declaration of Appeals Officer Michael R. Jeka ("Jeka Declaration") at ¶4.  In making his determination, Appeals Officer Jeka reviewed the appeals file, but did not review the underlying administrative file.  Id. at ¶5.  Appeals Officer Jeka did not review the underlying administrative file because plaintiffs had a prior opportunity to dispute the tax liability, but didn't.  Id. at ¶6.  As further explained below, because plaintiff had a prior opportunity to dispute this liability, he could not challenge that liability at the Appeals Hearing.  26 U.S.C. § 6330(c)(2)(B).

### A. Because Plaintiff had a Prior Opportunity to Dispute this Liability, A Review of that Liability is Jurisdictionally-Barred Here.

A taxpayer may dispute the tax liability underlying the collection action at issue in a Collection Due Process hearing, but only if the taxpayer "did not receive any statutory notice of deficiency[3] for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  26 U.S.C. § 6330(c)(2)(B).  An opportunity to dispute a tax liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.  If a taxpayer had such an opportunity, the underlying liability may not be

---

[3] A Notice of Deficiency is only required in situations where there is a deficiency (e.g. the amount of the tax imposed exceeds the amount of tax shown on a taxpayer's income tax return.  Jones v. Comm'r, 338 F.3d 463, 466 (5th Cir. 2003).  The deficiency procedures do not apply to employment taxes (and the Trust Fund Recovery Penalty).

reexamined at the Collection Due Process hearing.  Goza v. Comm'r, 114 T.C. 176, 180 (2000); Sego, 114 T.C. 604, 609 (2000).

On April 17, 2002, plaintiff was sent a Letter 1153, setting forth his liability for the 26 U.S.C. § 6672 Trust Fund Recovery Penalty.  See April 17, 2002 Letter 1153, Exhibit B to Janik Declaration.  The Letter 1153 expressly provided that:

> You have the right to appeal or protest this action, and you may also have the right to a delay before we collect the money.  You may request either of these within 60 days from the date of this letter … The instructions below explain how to make the request.

Id. at 1.  Letter 1153 then continued for three more pages setting forth exactly how to contest the liability.  Id. at 2-4.

An IRS Letter 1153 provides notice of an intended assessment, and is issued prior to the actual assessment of a tax liability.  See id.  Because the Letter 1153 provides a method to contest and appeal the proposed assessment, it is considered an opportunity to dispute the tax liability for purposes of 26 U.S.C. § 6330(c)(2)(B).  Jackling v. Internal Revenue Service, 352 F.Supp.2d 129, 132 (D.N.H. 2004); Pelliccio v. United States, 253 F.Supp.2d 258, 261-62 (D.Conn. 2003); Pollack v. United States, 327 F.Supp.2d 907, 913 (W.D.Tenn. 2004).  The failure to contest that proposed assessment within the time allowed forfeits a taxpayer's right to dispute the liability both at the collections due process hearing, and upon district court review. Jackling, 352 F.Supp.2d at 132; Pelliccio, 253 F.Supp.2d at 262; Pollack, 327 F.Supp.2d at 913.

Plaintiff responded to Letter 1153, not by contesting the liability, but by admitting to it and filing Form 2751.  See Agreement to Assessment and Collection of Trust Fund Recovery Penalty, Exhibit C to Janik Declaration.  As plaintiff failed to contest the liability when presented

via the Letter 1153, plaintiff was barred from raising that liability in the Appeals Hearing, and is barred from raising that liability in this proceeding.  26 U.S.C. § 6330(c)(2)(B); Jackling, 352 F.Supp.2d at 132; Pelliccio, 253 F.Supp.2d at 262; Pollack, 327 F.Supp.2d at 913.  Accordingly, the contents of the administrative record are irrelevant and inadmissible because (1) the administrative record was not considered by Appeals Officer Jeka, and (2) the underlying liability could not be contested in either the collections due process hearing or before this Court.

**II.     IF PLAINTIFF WANTS TO CONTEST THE UNDERLYING LIABILITY, HE MUST FILE A REFUND SUIT PURSUANT TO 26 U.S.C. § 7422**

As established above, plaintiff cannot use this proceeding to contest his underlying liability for the Trust Fund Recovery Penalty.  The Congressionally-preferred method of contesting a tax liability is to file a suit for refund pursuant to 26 U.S.C. § 7422.  If plaintiff wishes to contest the underlying liability, he needs to proceed pursuant to the provisions of Section 7422, and initiate that procedure by filing a claim for refund with the Internal Revenue Service.

### BRIEFING SCHEDULE

With regards to the briefing schedule, the parties have conferred and agreed that plaintiffs' Opening Brief shall be filed within 30 days of their Reply to this motion.  Pursuant to D.C.Colo.LCivR 7.1(C), plaintiff shall file their Reply to this Response by 22nd.  Keeping with the parties earlier schedule, plaintiff's Opening Brief shall be filed by January 23, 2006, the United States' Response by February 23, 2006, and plaintiff's Reply by March 10, 2006.

## CONCLUSION

For the foregoing reasons, this Court should DENY plaintiff's motion to compel.

DATED this 7th day of December, 2005.

WILLIAM LEONE
United States Attorney

s/ Anton L. Janik, Jr.
ANTON L. JANIK, JR.
CO #35164
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone: (202) 305-2558

Attorneys for Defendant

1451931.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 7, 2005, I electronically filed the foregoing **UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

ted@tmerriamlaw.com

aandm@taxlaw2848.com

                s/ Anton L. Janik, Jr.
                ANTON L. JANIK, JR.
                Trial Attorney, Tax Division
                U.S. Department of Justice

1451931.1