IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | |
|---|---|
| MARK WALTON | ) |
| | ) |
| Plaintiff, | ) Civil No. 05-CV-1149 (JLK) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF ANTON L. JANIK, JR. IN SUPPORT OF UNITED STATES' RESPONSE TO MOTION TO COMPEL

I, Anton L. Janik, Jr., pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am an attorney employed by the U.S. Department of Justice, Tax Division. I am the trial attorney of record and have been assigned responsibility for representing the interests of the United States in the above-captioned case.

2. Attached to this declaration as Exhibit A is a true and correct copy of a May 27, 2004 Order entered in <u>Cox v. United States</u>, Case No. Civ-04-0085 (W.D.Okla.).

3. I am in possession of the Internal Revenue Service's administrative file relating to the Trust Fund Recovery Penalty assessed against Mark Walton. I have reviewed this file in making the representations below.

4. Attached to this declaration as Exhibit B is a true and correct copy of an April 17, 2002 Letter 1153 sent from Internal Revenue Service Revenue Officer Dianne Johnson to Mark Walton.

5. Attached to this declaration as Exhibit C is a true and correct copy of an April 17, 2002 Agreement to Assessment and Collection of Trust Fund Recovery Penalty

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 7, 2005                                    s/Anton L. Janik, Jr.
                                                          ANTON L. JANIK, JR.

### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES W. COX d/b/a COX MACHINE & TOOL,          )<br>)<br>Plaintiff,                                                     )<br>)<br>vs.                                                                )<br>)<br>UNITED STATES OF AMERICA,        )<br>)<br>)<br>Defendant.                                                )  | Case No. CIV-04-0085-F |

### ORDER

The United States of America's Motion to Limit this Court's Review to the Administrative Record filed May 7, 2004 (docket entry no. 18), is before the court. Plaintiff has responded and the United States has replied, so that the motion is fully briefed and before the court for determination.

This action arises under the provisions of 26 U.S.C. § 6330(d) and seeks judicial review of the Notice of Determination Concerning Collection Actions. (Complaint, ¶ 2). As characterized by the United States in its moving brief, this is a collection due process case under § 6330, seeking review of a determination by an IRS Appeals Officer concerning the collection of plaintiff's unpaid employment tax liabilities for all quarters of 2002. The United States filed this motion seeking to limit the court's review to the administrative record, following discussion at the scheduling conference on May 5, 2004 of plaintiff's view that he should be allowed to introduce evidence outside of the administrative record.[1]

---

[1] The parties agree that the standard of review is abuse of discretion.

GOVERNMENT
EXHIBIT
A

The United States cites Hart v. United States, 291 F. Supp. 2d 635, 640 (N.D. Ohio 2003), for the proposition that review of an IRS Appeals Office's Notice of Determination constitutes an administrative action and that the reviewing court is therefore limited to the administrative record and the parties are not entitled to discovery or a jury trial. Hart, 291 F. Supp.2d at 640. Other decisions cited in Hart, also support this view.

In response, plaintiff argues that in order for the court ro review the IRS determination that plaintiff was not eligible for an installment agreement with respect to the delinquent taxes, plaintiff must have the ability to present evidence to this court concerning his current financial condition and his projected future financial condition which, he asserts, would allow him to make the proposed installment agreements. Plaintiff also seeks to introduce evidence concerning the payment of current tax liabilities and the significant hardship which he states will result to Cox Machine & Tool and the employees of Cox Machine & Tool if the outstanding tax liability is not allowed to be paid in installments rather than by IRS levy on business assets.

In support of his view that this non-record evidence should be presented in this action, plaintiff points out that Hart is not binding on this court. Plaintiff also attempts to distinguish Hart on the grounds that the taxpayer in Hart was "forwarding what can be referred to as traditional tax protestor positions and was attempting to argue meritless positions outside of matters raised at the Collection Due Process Hearing." (Response brief, p. 5.) Plaintiff asserts that, unlike the taxpayer in Hart, he is raising a "legitimate question of an Installment Agreement during the Due Process Hearing" and that the IRS decision "denying an installment agreement and the issue of whether the proposed collection action balances the need for efficient collection of taxes with legitimate concern of the person that any collection action be no more intrusive than necessary is clearly before the Court and should be determined from all available evidence." (Response brief, p. 6.)

In its reply, the United States makes additional arguments in support of its position that this court's review must be limited to the administrative record of plaintiff's collection due process hearing. The United States argues that this court only has jurisdiction over the "appeal" of the IRS's Notice of Determination. The United States also argues that allowing an action to proceed against the United States which is not, strictly speaking, an "appeal" on the administrative record, would violate the terms of the United States's waiver of sovereign immunity because, under § 6330, the United States has only consented to be sued for purposes of providing judicial review of the collection due process hearing before the IRS and the United States has not consented to be sued in an entirely new hearing before the district court.

Finally, the United States points out in its reply brief that §6330(d)(2)(B) provides that the IRS retains jurisdiction for consideration of post-hearing changes in circumstances such as those which plaintiff wishes to put before this court. The United States asserts that if plaintiff wishes to have his current financial information considered with respect to the levy, he must present that information to the IRS as mandated by § 6330(d)(2)(B). (Reply brief, p. 3.)

Having carefully reviewed the parties' submissions and the relevant authorities, the court concludes that it agrees with the United States's position. Although no party has cited any Tenth Circuit decisions specifically addressing the scope of the judicial review contemplated by § 6330(d), all of the decisions cited by the parties from the other courts which have considered this issue appear to have determined that judicial review under § 6330(d) is limited to evidence contained in the administrative record. These decisions rely on the general statutory scheme and the legislative history of the statute.

The most recent case located by the court on this subject, <u>Cavanaugh v. United States of America</u>, 2004 WL 880442 (D.N.J. 2004), is an abuse of discretion case which cites <u>Hart</u> for the rule that "In reviewing the Service's exercise of discretion in

a CDP hearing, the court is limited to the administrative record; the parties are not entitled to discovery or jury trial." Cavanaugh, 2004 WL 880442, *4.

Given the consistency of the rulings by other courts which have addressed this issue, and in light of the statutory scheme itself and the legislative history of the statute, this court finds that its review in this action is properly limited to the administrative record of the plaintiff's due process hearing. Accordingly, the United States's Motion to Limit This Court's Review to the Administrative Record is **GRANTED**.

The discovery schedule and trial date previously set are **STRICKEN**. The parties are **DIRECTED** to confer for the purpose of proposing an agreed briefing schedule, to consist of a proposed date upon which the administrative record shall be filed, a proposed date for filing plaintiff's brief in chief, a proposed date for filing defendant's response brief, and a proposed date for filing any reply brief which plaintiff may desire to file, permission for which is hereby given. If the parties have not submitted a proposed briefing schedule by June 15, 2004, the court will presume it is because the parties cannot agree on a schedule and the court will either set a schedule or set this case for a second status conference.

Dated this 27th day of May, 2004.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0085p004.wpd

Department of the Treasury
Internal Revenue Service

Date of This Letter:
April 11, 2005
Person to Contact:
DIANNE JOHNSON
Employee Badge Number: 84-01219

IRS Contact Address:
INTERNAL REVENUE SERVICE
8671 WOLFF  #100
WESTMINSTER, CO 80031
IRS Telephone Number:
(303) 650-7815 Ext 298

MARK WALTON
1368 N PARK DR
LAFAYETTE, CO 80026-0000

Employer Identification Number:
84-143▓▓▓▓
Corporation Name:
TACTICAL MARKETING VENTURES LLC

DEAR MR MARK WALTON:

 The business named above owes Federal taxes described in the enclosed Form 2751, Proposed Assessment of Trust Fund Recovery Penalty.  Our efforts to collect these taxes haven't been successful, so we plan to assess a penalty against you.

 The law provides that individuals who were required to collect, account for, and pay these taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes.  These taxes, which consist of employment taxes you withheld or should have withheld from employees' wages and didn't pay or excise taxes you collected or should have collected from patrons and didn't pay, are commonly referred to as trust fund taxes.

 We plan to charge you an amount equal to the unpaid trust fund taxes which the business still owes the government.  This personal liability is called the trust fund recovery penalty.  We will assess and collect the penalty as though it were tax you owed.

 **If you agree with this penalty, please sign Part 1** of the enclosed Form 2751 and return it to me in the enclosed envelope.

 If you don't agree, have additional information to support your case, and wish to try to resolve the matter informally, contact the person named at the top of this letter within ten days from the date of this letter.

 You have the right to appeal or protest this action, and you may also have the right to a delay before we collect the money.  You may request either of these within 60 days from the date of this letter (90 days if this letter is addressed to you outside the United States).  The instructions below explain how to make the request.


8671 WOLFF  #100, WESTMINSTER, CO 80031

Letter 1153(DO) (Rev. 3-93)



APPEALS

You may appeal your case to the office of the Regional Director of Appeals. To do this, address your request to the Group Manager, to the attention of the Person to Contact and the address shown at the top of this letter. The dollar amount you are protesting affects the form your request should take.

| If the amount is: | You should: |
|---|---|
| $2,500 or less | Verbally request an Appeals conference. |
| More than $2,500 but not more than $10,000 | Submit a brief written statement of the issues you disagree with. |
| Over $10,000 | Submit a written protest. |

Include any additional information that you want the Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

A BRIEF WRITTEN STATEMENT should include:

1. Your name, address, and Social Security Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved;

5. A list of the issues you disagree with. The issues could include responsibility, willfulness, and the way we applied payments to the business tax liability.

Please submit two copies of your statement.

A WRITTEN PROTEST should include the items below. Pay particular attention to item 6 and the note which follows it.

1. Your name, address, and Social Security Number;

2. A statement that you want a conference;

3. The date and number of this letter;

4. The tax periods or years involved (see Form 2751);

5. A list of the findings you disagree with;

Letter 1153 (DO)(Rev. 3-93)

6. A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged the penalty. Include specific dates, names, amounts, locations, etc.

NOTE: Usually, penalty cases like this one involve issues of responsibility and willfulness. Therefore, your statement should include a clear explanation of your duties and responsibilities within the business (responsibility in this case means possessing the status, duty and authority to collect, account for, and pay the trust fund taxes. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake.)

To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

"Under the penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information and, to the best of my knowledge and belief, they are true, correct, and complete."

7. If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

REPRESENTATION

**You may represent yourself at your conference or have someone who is** qualified to practice before the Internal Revenue Service represent you. This may be your Attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney, and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. **Both forms are available** from the IRS office. A properly written power of attorney or authorization is also acceptable.

CLAIMS FOR REFUND AND CONSIDERATION BY THE COURTS

CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, you may take your case to the United States Claims Court or to your United States District Court. These courts have no connection with the IRS.

Generally, the courts will hear tax cases only after you have paid the tax and filed a claim for a refund. The claim for a refund is an additional, informal review.

Letter 1153 (DO)(Rev. 3-93)

DELAY IN COLLECTION

 To request a delay in collection of the penalty, during review of the claim, you must take the following actions within 30 days of the date of Form 3552.

1. Pay the tax for one employee for one quarter of liability, if the amount of the penalty is based on unpaid employment taxes, or the tax for one transaction if the amount of the penalty is based on unpaid excise tax;
2. File a claim for a refund using Form 843, Claim for Refund and Request for Abatement, and the amount you paid;
3. Post a bond with the IRS for one and one half times the amount of the penalty after you have made the payment in item 2.

 You should be aware that, if the IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60 day period for submitting a protest mentioned above.

 If the IRS denies your claim, you have the right to appeal the denial. You may wish to appeal before filing. To do this, follow the instructions above for APPEALS.

 If the IRS hasn't acted on your claim within 6 months from the date you filed it, you can file suit for a refund. You can also file suit for a refund any time within 2 years after IRS has disallowed your claim. For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the Claims Court, 717 Madison Place, N.W., Washington, D.C. 20005.

 If we do not hear from you within 60 days from the date of this letter (or 90 days if this letter is addressed to you outside the United States), we will begin collection action.

              Sincerely yours,

              DIANNE JOHNSON

              Revenue Officer

Enclosures: Form 2751
      Publication 1
      Envelope

Department of the Treasury - Internal Revenue Service

Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code or corresponding provisions of prior Internal Revenue laws)

Report of Business's Unpaid Tax Liability

Name and Address of Business  EIN: 84-143▓
TACTICAL MARKETING VENTURES LLC

10385 WESTMOOR DR STE 200
WESTMINSTER, CO 80021-2598

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Amount Outstanding | Penalty |
|---|---|---|---|---|---|
| 941 | 9/30/2000 | 11/17/2000 | 01/08/2001 | 127,339.58 | 82,129.51 |
| 941 | 12/31/2000 | 01/31/2001 | 03/05/2001 | 79,938.54 | 56,350.89 |
|  |  |  | Total Penalty: |  | 138,480.40 |

Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name and Address of Person Responsible  SSN: 537-11-▓
MARK WALTON

1368 N PARK DR
LAFAYETTE, CO 80026-0000

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b) and I waive the privilege of filing a claim for abatement after assessment.

| Signature of person responsible | Date |
|---|---|
|  |  |

Cat. No. 21955U                                            Form 2751 (Rev. 1/98)

Department of the Treasury - Internal Revenue Service

Proposed Assessment of Trust Fund Recovery Penalty
(Sec. 6672, Internal Revenue Code or corresponding
provisions of prior Internal Revenue laws)

Report of Business's Unpaid Tax Liability

Name and Address of Business  EIN: 84-143▮▮▮▮
TACTICAL MARKETING VENTURES LLC

10385 WESTMOOR DR STE 200
WESTMINSTER, CO 80021-2598

| Tax Return Form No. | Tax Period Ended | Date Return Filed | Date Tax Assessed | Amount Outstanding | Penalty |
|---|---|---|---|---|---|
| 941 | 9/30/2000 | 11/17/2000 | 01/08/2001 | 127,339.58 | 82,129.51 |
| 941 | 12/31/2000 | 01/31/2001 | 03/05/2001 | 79,938.54 | 56,350.89 |
|  |  |  | Total Penalty: |  | 138,480.40 |

==================================================================================
Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name and Address of Person Responsible  SSN: 537-11-▮▮▮▮
MARK WALTON

1368 N PARK DR
LAFAYETTE, CO 80026-0000

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employees wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b) and I waive the privilege of filing a claim for abatement after assessment.

| Signature of person responsible | Date |
|---|---|
| [signed] | 4/17/02 |

Cat. No. 21955U                                                Form 2751 (Rev. 1/98)


GOVERNMENT EXHIBIT C