IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARK WALTON | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-CV-1149 (JLK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF APPEALS OFFICER MICHAEL R. JEKA IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

I, Michael R. Jeka, declare and state as follows:

1.  At all times mentioned herein, I was a duly commissioned Appeals Officer, also known as a Settlement Officer, employed in the Appeals Office of the Internal Revenue Service ("Service") with a post of duty in Denver, Colorado. I am making this declaration from my personal knowledge gained through duties performed in my capacity as the Appeals Officer assigned to this matter.

2.  In my capacity as Appeals Officer, I was assigned to conduct the May 2, 2005 Collections Due Process Hearing ("Appeals Hearing") regarding the July 28, 2004 Final Notice - Notice of Intent to Levy, which sought to collect upon assessments made against Mark Walton. That Notice of Intent to Levy involved assessments made for the failure to collect, account for, and pay over to the United States, Trust Fund Recovery Penalty liabilities for the tax periods ending September 30, 2000 and December 31, 2000.

3. On May 24, 2005, I issued my Enclosure to Notice of Determination ("Appeals Determination").

4. The IRS "administrative file provided appeals" ("appeals file") that I referenced in my Appeals Determination is not the underlying IRS administrative file itself. The administrative file is the IRS' file containing documents and information related to its assessment and collection activity. The appeals file is a separate file which contains certain documents from the IRS' administrative file.

5. After the conclusion of the Appeals Hearing and my review of the appeals file, I performed the balancing test described in 26 U.S.C. § 6330(c)(3), and made the determinations described in the Appeals Determination upon the testimony and documents identified in the Appeals Determination. All of the information I considered in deciding to enforce collection is identified or described within the Appeals Determination. At no time did I review the underlying administrative file.

6. I did not consider the issue of whether plaintiff was liable for the tax to be a "relevant issue relating to the unpaid tax or the proposed levy" (as used in 26 U.S.C. § 6330(c)(2)(A)) because the appeals file indicated that Mr. Walton admitted to the liability by signing Form 2751.

7. The "two letters" referenced in the Appeals Determination were not the Letters 1153 which I learned from Mr. Janik were part of the administrative file. The letters I was referring to were Letters 728 and 3164.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: December 7, 2005                                s/ Michael R. Jeka
                                                       MICHAEL R. JEKA

1454082.1