IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1149-AP

MARK WALTON,

                Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

                Defendant.

---

**PLAINTIFF'S REPLY TO UNITED STATES' RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL**

---

    The Plaintiff, by and through his undersigned attorneys, Kevin A. Planegger and Ted H. Merriam of the Merriam Law Firm, P.C., hereby submits his Reply to the United States' Response to Plaintiff's Motion to Compel:

### Argument

    In its Response, the United States argued that the Plaintiff is not entitled to the underlying administrative file because that file was not reviewed by Appeals Settlement Officer Jeka when he made his determination, and because Plaintiff's liability for the trust fund recovery penalty could not be contested in the Collection Due Process ("CDP") Hearing. The Plaintiff is aware that the relevant statute, 26 U.S.C. § 6330, provides that a taxpayer may only dispute the underlying tax liability in a CDP Hearing if he did not have a prior opportunity to dispute such liability. The Plaintiff also acknowledges that the IRS revenue

officer sent him a letter (Letter 1153, commonly referred to as a "60-day letter") that proposed an assessment of the trust fund recovery penalty and which allowed 60 days to file a protest to the proposed assessment. According to the United States, the Plaintiff's failure to contest the proposed assessment by not filing a timely protest bars raising the liability at the CDP hearing.

The United States attempts to simplify the analysis to: taxpayer received notice of proposed assessment; taxpayer did not contest proposed assessment by filing a timely appeal; taxpayer is thereby precluded from raising the underlying liability in a subsequent CDP hearing. While that analysis might be sufficient in some cases, this case requires further analysis. Specifically, the government never addressed the allegations in Plaintiff's Complaint or in the Motion to Compel regarding the IRS revenue officer's misrepresentation of the law. The revenue officer told the Plaintiff that his titular position with the company made him liable for the trust fund recovery penalty regardless of any other facts or circumstances. Contrary to this misrepresentation of the law, liability for the trust fund recovery penalty is based on the totality of all the facts and circumstances of the case. Based on all these facts and circumstances, courts weigh whether an individual taxpayer had sufficient authority within the company to be considered a "responsible person," and whether such a responsible person acted "willfully" in failing to pay over the trust fund taxes. <u>Denbo</u>

v. United States, 988 F.2d 1029, 93-1 USTC ¶50,177 (10th Cir. 1993); IRM 5.7.3.3.1.  Many cases (and the Internal Revenue Manual) have held that titular authority alone is not a sufficient basis for liability.  Denbo, supra; O'Connor v. United States, 956 F.2d 48, 92-1 USTC ¶50,074 (4th Cir. 1992);  IRM 5.7.3.3.1.

Mr. Walton only signed the consent to assessment after being "informed" by the revenue officer that he was liable, with absolute certainty, for the penalty; therefore, such consent was fraudulently induced.  Again, the statute provides that the taxpayer may contest the underlying liability in the CDP Hearing if he "did not otherwise have an opportunity to dispute such tax liability."  In this case, the Plaintiff did not have a legitimate opportunity to contest the trust fund recovery penalty when he received notice of a "proposed" assessment at the same time the revenue officer emphatically told him that there was no doubt as to his liability for the penalty.  The government's position would promote further misrepresentations by IRS revenue officers assigned to assess and collect trust fund taxes.

While we have not found any case that is directly on point regarding this issue, the holding in Muller III v. Rossotti, 2004-1 USTC ¶ 50,239 (Mid. Dist. Tenn. 2004), does provide some guidance.  In that case, the court refused to consider the validity of the underlying trust fund recovery penalty in the context of a CDP Hearing because the taxpayer had a prior opportunity to contest the liability, and, in fact, had agreed to

3

the assessment. The court relied, at least in part, on the fact that IRS had not acted in bad faith in procuring the taxpayer's consent to assessment. <u>Id</u>(at footnote 6).

In contrast to the absence of bad faith in <u>Muller III</u>, the Plaintiff in this case alleges that he was induced to sign the consent to assessment by the revenue officer's bad faith in misrepresenting the law. The holding in <u>Muller III</u> suggests that the revenue officer's bad faith negates the taxpayer's consent to assessment and prevented a legitimate opportunity to challenge the proposed assessment. Accordingly, the Plaintiff should be allowed to review the entire underlying administrative file and to contest the liability in this proceeding (as it was raised by Plaintiff's counsel in the CDP Hearing).

WHEREFORE, the Plaintiff respectfully requests that the Court order the United States of America to supplement the Record in this case with the entire administrative file, and requests the briefing schedule be stayed until the Record is complete.

DATED: December 22, 2005

Respectfully submitted,

<u>S/Ted H. Merriam</u>
Ted H. Merriam

<u>S/Kevin A. Planegger</u>
Kevin A. Planegger

MERRIAM LAW FIRM, P.C.
1625 Broadway, Suite 770
Denver, CO  80202
Telephone: (303) 592-5404
Fax: (303) 592-5439
E-mail: TMerriam@taxlaw2848.com
Attorneys for Plaintiff

4

## CERTIFICATE OF SERVICE

It is hereby certified that service of the:

**PLAINTIFF'S REPLY TO UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

was made this 22nd day of December, 2005, by United States mail, postage prepaid, and addressed to:

Anton L. Janik, Jr.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044

Dated this 22nd day of December.

S/Kevin A. Planegger
Kevin A. Planegger