IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARK WALTON | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-CV-1149 (JLK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE SETTLEMENT
CONFERENCE SET FOR JANUARY 19, 2006 BEFORE MAGISTRATE JUDGE
PATRICIA A. COAN, AND UNOPPOSED MOTION TO PERMIT OFFICIAL WITH
FINAL SETTLEMENT AUTHORITY TO BE AVAILABLE BY TELEPHONE**

The United States of America, by and through its undersigned counsel, respectfully

requests that this Court continue the currently-scheduled settlement conference set for January

19, 2006 until Thursday, February 2, 2006 at 1:30 pm.  The United States further moves this

Court to permit the person with final settlement authority to be available by telephone.  The

undersigned Department of Justice attorney will appear in person at the settlement conference.

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE
SETTLEMENT CONFERENCE**

On the date of the currently-scheduled settlement conference, the attorney assigned

responsibility for litigating this case will be in Columbia, South Carolina attending previously-

scheduled training at the Department of Justice training center.  On December 29, 2005, the

parties conferred as to this matter, and plaintiffs do not oppose continuing the settlement

conference until February 2, 2006 at 1:30 pm, or until another time of the Court's choosing.

Accordingly, the United States respectfully requests that the settlement conference be continued

February 2, 2006 at 1:30 pm, or until another time of the Court's choosing.

1488909.1

**UNITED STATES' UNOPPOSED MOTION TO PERMIT OFFICIAL WITH FINAL
SETTLEMENT AUTHORITY TO BE AVAILABLE BY TELEPHONE**

The United States respectfully requests relief from the requirement that the individual

with final settlement authority attend in person the settlement conference currently scheduled for

January 19, 2006.  Pursuant to D.C.Colo.LCivR 7.1, plaintiff's counsel has been contacted and

does not oppose this motion.  The undersigned government counsel, Anton L. Janik, Jr., the trial

attorney assigned to the case who has been preparing the government's case and who would

handle any trial or other proceeding, will be present and prepared to participate fully in the

conference.  Before attending the settlement conference Mr. Janik will have discussed this matter

with his Section Chief, the person with actual settlement authority, and will be prepared to

engage in good-faith negotiations based on those discussions.  Mr. Janik's Section Chief will be

available to consult with him by cell phone during the conference.  The Tax Division has used

this method for some time, and the Tax Division is not aware of any instance in which a trial

attorney was not able to engage in energetic and frank settlement negotiations.

The authority to conduct and settle litigation involving the federal Government is

precisely delineated.  Except as otherwise provided by law, authority to conduct all litigation in

the courts of the United States in which the United States, an agency, or officer is a party is

reserved to the Department of Justice under the direction and supervision of the Attorney

General.  28 U.S.C. §§ 516, 519.  Because the Attorney General's authority in such matters is

"plenary,"  Marshall v. Gibson's Products, Inc., 584 F.2d 668, 676 n.11 (5th Cir. 1978), the

Attorney General may make "such provisions as he considers appropriate" to authorize the

performance of his functions by "any other officer [or] employee" of the Department.  28 U.S.C.

§ 510.  By the same token, 28 U.S.C. § 517 authorizes the Attorney General to send "the

Solicitor General or any officer of the Department of Justice … to attend to the interests of the

1488909.1

United States in a suit pending in the courts of the United States," and 28 U.S.C. § 518 provides

that "[w]hen the Attorney General considers it in the interests of the United States, he may

personally conduct and argue any case in a court of the United States in which the United States

is interested, or he may direct the Solicitor General or any officer of the Department of Justice to

do so."

By statute, settlement authority is conferred solely upon the Attorney General "or his

delegate" in all cases arising under the Internal Revenue Code which have been referred to the

Department of Justice for prosecution or defense.  26 U.S.C. § 7122(a).  By regulation, the

Attorney General has delegated the full extent of his settlement authority to the Deputy Attorney

General.  28 C.F.R. § 0.161(b).  The Attorney General has further delegated to the Associate

Attorney General the authority to perform the functions of the Deputy Attorney General under 28

C.F.R. § 0.161, for all cases and matters arising out of the Antitrust, Civil, Civil Rights,

Environment and Natural Resources, and Tax Divisions.  See Order of the Attorney General No.

1627-92, dated October 19, 1992.

In addition to the foregoing delegations of authority, the Attorney General also has

delegated limited settlement authority to the Assistant Attorney General in charge of each

division.  Under certain limited circumstances, the Assistant Attorney General of the Tax

Division can redelegate her settlement authority to subordinate officials within the Tax Division.

28 C.F.R. § 0.168(a).  Where the amount of the Government's concession does not exceed

$200,000, exclusive of statutory interest, such authority has been redelegated to the Chiefs of the

Division's several Civil Trial Sections.  See Tax Division Directive No. 105, 60 Fed. Reg.

31244-46 (June 14, 1995).[1]  Because the underlying tax liability, although not at issue in this

---

[1]      It is not possible for the Attorney General to routinely delegate settlement authority to
trial attorneys.  The authority of the Assistant Attorneys General to redelegate the settlement

case, see infra, is $140,115.29, exclusive of statutory interest, full settlement authority to compromise that liability or select collection alternatives thereof is vested with the Chief of the Civil Trial Section, Western Region.

It would be prohibitively expensive and time-consuming for the Chief of the Civil Trial Section, Western Region, routinely to appear for settlement conferences in each of the cases he supervises while continuing to execute the other duties assigned to him by the Assistant Attorney General.  The Section Chief has responsibility for an office of over thirty-five persons, including two Assistant Chiefs, twenty-one Trial Attorneys, and three Paralegal Assistants.  The Civil Trial Section, Western Region currently handles over 1,350 pending cases in courts located in Washington, Oregon, California, Arizona, Nevada, Utah, Colorado, Idaho, Wyoming, Montana, Alaska, and Hawaii.

Accordingly, if the Court's usual procedures for settlement conferences were to be followed, the Department would be compelled to amend its settlement authority regulations or alter the duties assigned to the Section Chief.  The Supreme Court, however, has made clear that district courts lack authority to compel the Department of Justice to amend the regulations governing its procedures for handling litigation.  See Touhy v. Ragen, 340 U.S. 462, 468 (1951) (district court cannot require subordinate Department of Justice employee to produce official document under subpoena when, under Department regulations, the employee lacked authority to do so; regulation centralizing authority to release document in high-level official was valid and

---

authority conferred upon them is prescribed by 28 C.F.R. § 0.168.  Assistant Attorneys General may not delegate the authority to accept a settlement when the client agency disagrees with the proposed settlement, and any other redelegation requires the approval of the Deputy Attorney General in writing before it is effective.  In addition, Tax Division Directive No. 105 specifically provides that an attorney of record may not exercise settlement authority.

1488909.1

binding on the court).  Similarly, the foregoing regulations centralizing the approval authority for certain types of settlements are valid and binding on the Court in the present case.

Requiring the attendance of the Section Chief at the upcoming settlement conference also would contravene the spirit of Federal Rule of Civil Procedure 16.  Rule 16, which took effect on December 1, 1993, reaffirmed that federal trial courts must consider the special status of the Government when conducting pre-trial conferences, including settlement conferences.  The Rule states that, "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute."  FED. R. CIV. P. 16(c).  The drafting committee notes on this revision further state as follows:

> The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances.  Particularly in litigation in which <u>governmental agencies</u> or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and <u>the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility</u>.  The selection of the appropriate representative should ordinarily be left to the party and its counsel.

FED. R. CIV. P. 16, advisory committee note (1993 amendments) (emphasis added).  This committee note makes clear that the committee and the Supreme Court are fully aware of the unique role of the federal government in litigation and the constitutional and practical problems that would ensue if the Government were subject to the same settlement authority requirements as a private party.

A routine requirement to have a Government representative with full settlement authority attend settlement conferences would also be inconsistent with the Judicial Improvements Act of 1990.  That Act authorizes the district courts to adopt "civil justice expense and delay reduction

plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference.  28 U.S.C. § 473(b)(5).  However, the Act further provides that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General."  28 U.S.C. § 473(c) (emphasis added).

The Senate Report on the Act, moreover, amply demonstrates Congress' belief that the federal Government is in a different position than private parties or corporations with respect to settlement authority.  In this regard, the Committee stated that "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice.  The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington."  S. REP. NO. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848.

The present case evinces the difference between the federal Government and private litigants.  The Attorney General of the United States has the responsibility to represent the United States in judicial proceedings.  28 U.S.C. § 519.  He conducts this responsibility under statutes which give him authority to make "such provisions as he considers appropriate" to authorize performance of this function by other officers and employees of the Department of Justice.  28 U.S.C. § 510.  He has the responsibility to direct other officers of the Department in their conduct of litigation on behalf of the United States.  28 U.S.C. §§ 516, 515(a), 517.  It would raise grave questions of separation of powers for the judiciary to tell the Attorney General

1488909.1

what types of authority he must delegate to whom and who must represent the Government at any particular proceeding.

The conclusion that requiring the Section Chief to attend the settlement conference would be beyond the Court's authority finds support in the decision of the Fifth Circuit in In re M.P.W. Stone, 986 F.2d 898, 903 (5th Cir. 1993).  In Stone, the Fifth Circuit concluded that, subject to the abuse of discretion standard, district courts have the power to order all parties, including the Government, to have a representative with full settlement authority present, or at least reasonably and promptly accessible, at a pretrial conference.  The United States believes that this decision is incorrect because it would allow the district courts to require the Attorney General to abandon or modify valid regulations.  Even under the standard established in Stone, however, in this case personal attendance of the Section Chief would not be warranted.

In Stone, the Fifth Circuit recognized that the power to require the United States to appear at a settlement conference was not without limitation, and that Congress can restrict the power, or restrict the discretion to exercise it, as long as the restriction does not "abrogate or render the power inoperative."  Stone, 986 F.2d at 902 (citing Michaelson v. United States, 266 U.S. 42, 65-66 (1924));  cf.  Van Bronkhorst v. Safeco Corp., 529 F.2d 943 (9th Cir. 1976).[2]  In

---

[2]      Van Bronkhorst did not involve the Attorney General's statutory authority to control representation of the United States in litigation under 28 U.S.C. §§ 510, 515-519, but did involve a situation in which the requirement that senior officials appear at settlement conferences was upheld in light of extraordinary circumstances where efforts to settle a case had been thwarted by government inaction.  Specifically, Van Bronkhorst involved a nationwide class action against a major employer, in which a proposed consent decree already had been negotiated by all the private parties and agreed to by EEOC staff lawyers who had sought, but been unable to obtain, upper-level approval.  The District Court had cleared three months of its calendar for the trial, which would be unnecessary if the consent decree were adopted.  As the time for trial approached, the District Court required a final decision by the EEOC.  In that situation, the District Court's order requiring the EEOC's general counsel to appear personally did not potentially subject the general counsel to the physically impossible task of personally appearing at or participating in conferences in thousands of other cases, thus forcing a general delegation to subordinates in violation of a valid statute and regulations.  Van Bronkhorst thus involved a

this situation, special consideration must be given to the Department of Justice's settlement regulations, as they have been devised to execute duties imposed by statute on the Attorney General.  Stone, 986 F.2d at 903-04.  The Fifth Circuit concluded that the settlement regulations, which confine settlement authority to a few officials with many other duties, were justified by reasonable policies, and further concluded that these regulations imposed "insignificant interference with the operation of the courts …."  Id. at 904.  Accordingly, the Fifth Circuit held that the district court had abused its discretion by issuing routine orders that the Government be represented by an individual with full settlement authority at pretrial conferences.  Id. at 905.

The United States also emphasizes that, in the present case, there is no suggestion that the Department has in any way thwarted negotiations aimed at settlement.  The United States anticipates that good-faith settlement negotiations under the Department's normal procedures will be had.  There is no basis at this stage of the proceedings to require that a Department of Justice official with full settlement authority appear at a settlement conference.  See id. (a district court may compel the attendance of an official with full settlement authority only as a "last resort," after the failure of the Government to engage in settlement negotiations has become a "serious, persistent problem, substantially hampering the operations of the docket" and after other less drastic measures have been taken).  As stated by the Senate Report in the legislative history of the Judicial Improvements Act of 1990, "[c]learly, the Department cannot realistically send officials with full settlement authority to each settlement conference."  S. REP. No. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848 (emphasis added).  Accordingly, even if the Court rejects the United States' argument that the Court lacks authority to compel the attendance or participation of the government official with

---

situation of "last resort" that the Fifth Circuit in Stone, 898 F.2d at 905, held could justify the compelled appearance of persons with "full settlement authority."  The present case is not, in any manner, factually analogous to the "last resort" scenario presented in Van Bronkhorst.

"full settlement authority" in the present case, the United States respectfully suggests that such compelled attendance or participation is inappropriate at this time.

For the foregoing reasons, the United States respectfully requests that the Court allow Anton L. Janik, Jr., the United States' trial attorney, to represent the United States at the upcoming settlement conference.  Mr. Janik has primary responsibility for handling this case and is, accordingly, the Department official most familiar with the factual and legal issues relevant to the settlement conference.  Pursuant to 28 U.S.C. §§ 515 through 519, the trial attorney is authorized to represent the United States in this lawsuit, and may negotiate settlement offers which the trial attorney is willing to recommend to the Department of Justice official having settlement authority.

As stated above, Mr. Janik will discuss this case with his Section Chief prior to the conference and will be prepared to engage in good-faith negotiations.  Moreover, the Section Chief will be available by telephone throughout the conference.  If the Court determines that Mr. Janik's Section Chief must attend the settlement conference, the United States respectfully requests that the Court notify the parties of that decision as soon as possible, so that the United States may timely consider what action may be appropriate prior to the settlement conference.

**NOTICE AS TO LIMITATION ON SCOPE OF SETTLEMENT CONSIDERATION**

The underlying tax liability is not at issue in this case.  See infra.  As the underlying liability is not at issue, the only matter before the District Court is whether Appeals Officer Michael Jeka abused his discretion by determining that the collection of the underlying tax liability by levy balanced the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  26 U.S.C. § 6330(c)(3)(C).  Because the underlying liability is not at issue in this case, the only matter that is

1488909.1

before the District Court at the settlement conference is whether the liability should be collected by a levy, or by another collection alternative.  Collection alternatives may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.  26 U.S.C. § 6330(c)(2)(A)(iii).  Accordingly, only collection alternatives may be considered at the settlement conference.

A taxpayer may dispute the tax liability underlying the collection action at issue in a Collection Due Process hearing, but only if the taxpayer "did not receive any statutory notice of deficiency[3] for such tax liability <u>or did not otherwise have an opportunity to dispute such tax liability</u>."  26 U.S.C. § 6330(c)(2)(B) (emphasis added).  An opportunity to dispute a tax liability includes a prior opportunity for a conference with the IRS Office of Appeals that was offered either before or after the assessment of the liability.  If a taxpayer had such an opportunity, the underlying liability may not be reexamined at the Collection Due Process hearing.  <u>Goza v. Comm'r</u>, 114 T.C. 176, 180 (2000); <u>Sego</u>, 114 T.C. 604, 609 (2000).

On April 17, 2002, plaintiff was sent a Letter 1153, setting forth his liability for the 26 U.S.C. § 6672 Trust Fund Recovery Penalty.  <u>See</u> April 17, 2002 Letter 1153, Exhibit B to the Declaration of Anton L. Janik, Jr. ("Janik Declaration").[4]  The Letter 1153 expressly provided that:

> You have the right to appeal or protest this action, and you may also have the right to a delay before we collect the money.  You may request either of these within 60 days from the date of this letter … The instructions below explain how to make the request.

---

[3]      A Notice of Deficiency is only required in situations where there is a deficiency (e.g. the amount of the tax imposed exceeds the amount of tax shown on a taxpayer's income tax return. <u>Jones v. Comm'r</u>, 338 F.3d 463, 466 (5th Cir. 2003).  The deficiency procedures do not apply to employment taxes (and the Trust Fund Recovery Penalty).

[4]      The Janik Declaration was filed in support of the United States' response to plaintiff's motion to compel.  That document is located at Docket Entry 19.

Id. at 1.  Letter 1153 then continued for three more pages setting forth exactly how to contest the liability.  Id. at 2-4.

An IRS Letter 1153 provides notice of an intended assessment, and is issued prior to  the actual assessment of a tax liability.  See id.  Because the Letter 1153 provides a method to contest and appeal the proposed assessment, it is considered an opportunity to dispute the tax liability for purposes of 26 U.S.C. § 6330(c)(2)(B).  Jackling v. Internal Revenue Service, 352 F.Supp.2d 129, 132 (D.N.H. 2004); Pelliccio v. United States, 253 F.Supp.2d 258, 261-62 (D.Conn. 2003); Pollack v. United States, 327 F.Supp.2d 907, 913 (W.D.Tenn. 2004).  The failure to contest that proposed assessment within the time allowed forfeits a taxpayer's right to dispute the liability both at the collections due process hearing, and upon district court review.  Jackling, 352 F.Supp.2d at 132; Pelliccio, 253 F.Supp.2d at 262; Pollack, 327 F.Supp.2d at 913.  Plaintiff responded to Letter 1153, not by contesting the liability, but by admitting to it and filing Form 2751.  See Agreement to Assessment and Collection of Trust Fund Recovery Penalty, Exhibit C to Janik Declaration.  As plaintiff failed to contest the liability when notified of it via Letter 1153, plaintiff was barred from raising that liability in the Appeals hearing, and is barred from contesting that liability in this proceeding.  26 U.S.C. § 6330(c)(2)(B); Jackling, 352 F.Supp.2d at 132; Pelliccio, 253 F.Supp.2d at 262; Pollack, 327 F.Supp.2d at 913.  Accordingly, because the only matter properly before Appeals Officer Jeka was whether collection by levy balanced the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary, the underlying liability is not at issue in this case.  Because the only issue in this case is whether collection should proceed by levy, the only matters which may be settled at the settlement conference currently set for January

19, 2006, are alternatives to collecting the owed taxes by a levy, including the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court CONTINUE the settlement conference until February 2, 2006 at 1:30 pm, and that the Court GRANT the United States' motion for the official with final settlement authority to be available by telephone.

DATED this 4th day of January, 2006.

WILLIAM LEONE
United States Attorney

s/ Anton L. Janik, Jr.
ANTON L. JANIK, JR.
CO  #35164
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:  (202) 305-2558

Attorneys for Defendant

1488909.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 4, 2006, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE SETTLEMENT CONFERENCE SET FOR JANUARY 19, 2006 BEFORE MAGISTRATE JUDGE PATRICIA A. COAN AND UNOPPOSED MOTION TO PERMIT OFFICIAL WITH FINAL SETTLEMENT AUTHORITY TO BE AVAILABLE BY TELEPHONE** with the Clerk of Court using the EFC system which will send notification of such filing to the following e-mail addresses:

ted@tmerriamlaw.com

aandm@taxlaw2848.com

s/ Anton L. Janik, Jr.
ANTON L. JANIK, JR.
Trial Attorney, Tax Division
U.S. Department of Justice

1488909.1